In the Matter of the Estate of MAX GOLDSTEIN, Deceased.

Surrogate's Court, New York County, November 14, 1929.

*Edward Fillmore,* for the executor.

*Murray Bein,* special guardian.

O'BRIEN, S. In this probate proceeding a question of construction has been raised with respect to the 2d paragraph of the will which reads as follows:

" *Second.* I give devise and bequeath to my wife HELEN GOLDSTEIN the income of my share of the business in which I am a partner with my brother Samuel Goldstein to the extent of One Hundred and Fifty Dollars per week, and the balance of any profits therefrom shall belong to and are hereby devised to my brother Samuel Goldstein.

" In order to enable the said income to my wife to be paid, I hereby order and direct my brother Samuel Goldstein to continue the business now conducted under name of S. Goldstein & Bro. for a period of five years from date of my demise in same manner as it is now conducted.

" In the event of the demise of my wife Helen prior to my demise, I hereby direct the said sum of One hundred and Fifty Dollars be paid to my daughter Rhoda Hortense Goldstein for her support and education."

The special guardian contends that the will is invalid in that it suspends the power of alienation for five years. The proponents argue that there is no such suspension, that a trust is created for the life of the widow only with a provision that the business be conducted for five years, subject, of course, to its being terminated at an earlier date should the widow die. The latter interpretation is correct and conforms with the manifest intention of testator. Submit decree accordingly.